IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSHUA DEWEY, Derivatively on Behalf of Nominal Defendant FREQUENCY THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARC A. COHEN, DAVID LUCCHINO, TIM BARBERICH, CYNTHIA L. FELDMANN, MICHAEL HUANG, ROBERT S. LANGER, and JOEL S. MARCUS, <br><br> Defendants, <br><br> and <br><br> FREQUENCY THERAPEUTICS, INC., <br><br> Nominal Defendant. | Case No. 1:22-cv-00894-GBW |

## STIPULATION AND [PROPOSED] ORDER REGARDING STAY OF ACTION

Plaintiff Joshua Dewey ("Plaintiff"), defendants[1] David Lucchino, Tim Barberich, Cynthia L. Feldman, Michael Huang, Robert S. Langer, and Joel S. Marcus (collectively, the "Individual Defendants"), and nominal defendant Frequency Therapeutics, Inc. ("Frequency," and collectively with the Individual Defendants, "Defendants") (Plaintiff and Defendants are collectively referred herein as the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows, and jointly request that the Court enter the below Order approving this Stipulation:

WHEREAS, on June 30, 2022, Plaintiff filed a putative stockholder derivative action in this Court (the "Delaware Derivative Action") on behalf of Frequency alleging violations of Section 10(b) of the Securities Exchange Act of 1934, breaches of fiduciary duties, and other claims;

---

[1] Defendant Marc A. Cohen passed away on June 28, 2022, and is referenced here only for the sake of completeness. Mr. Cohen is not represented by undersigned counsel.

WHEREAS, an earlier-filed and factually related securities class action now captioned *Quinones v. Frequency Therapeutics, Inc.*, Civil Action No. 1:21-cv-10933-WGY is currently pending in the United States District Court for the District of Massachusetts (the "Securities Class Action"), in which the plaintiff asserts claims under federal securities law against Frequency and certain of its current officers and directors;

WHEREAS, there is overlap among the facts and circumstances alleged in the Delaware Derivative Action and the Securities Class Action;

WHEREAS, briefing and oral arguments on a motion to dismiss in the Securities Class Action is scheduled to be completed on September 22, 2022;

WHEREAS, the Parties have met and conferred concerning the most efficient manner in which to litigate the derivative claims in the Delaware Derivative Action and agree that resolution of the claims in the Securities Class Action may help inform the manner in which the Delaware Derivative Action proceeds; and

WHEREAS, in an effort to proceed in the most efficient manner, the Parties agree that the Delaware Derivative Action should be stayed until the resolution of the Securities Class Action without waiver of any party's rights to take any steps when the stay is lifted, including, but not limited to, seeking dismissal of the Delaware Derivative Action, or transfer of the Delaware Derivative Action to the United States District Court for the District of Massachusetts to coordinate with the Securities Class Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties, through their undersigned counsel and subject to approval of the Court, as follows:

1. The Defendants hereby accept service of the summonses and complaint through their undersigned counsel.

2. The Delaware Derivative Action, including all deadlines and hearings, is hereby stayed until final resolution of the Securities Class Action, meaning that the Securities Class Action is adjudicated and closed (including closure by way of dismissal or settlement) and any appeals have concluded, or the time for seeking appellate review has passed

with no further action.

3. Within 30 days of the termination of the stay, Plaintiff shall provide written notice to counsel for Defendants whether Plaintiff will amend the operative complaint. If Plaintiff elects not to amend the operative complaint, Defendants shall have 30 days from receipt of Plaintiff's written notice to answer, move, or otherwise respond to the operative complaint.

4. Defendants shall promptly notify Plaintiff of any related derivative lawsuits of which they become aware.

5. Defendants shall take the position that any stay in a related derivative lawsuit shall be for the same duration as the stay of this Delaware Derivative Action. Defendants shall promptly notify Plaintiff if a related derivative lawsuit is not stayed for the same duration as in this Delaware Derivative Action.

6. If, in any related derivative lawsuit, the court refuses to grant a stay for the same duration as the stay of the Delaware Derivative Action, or Defendants do not request the court to grant a stay for the same duration as the stay of the Delaware Derivative Action, Plaintiff may terminate the agreed stay upon 14-days' notice in writing to counsel for Defendants via email. In the event of a termination of the stay pursuant to this paragraph, the schedule set forth in paragraph 3 shall apply.

7. Defendants shall promptly provide Plaintiff notice of and invite Plaintiff to participate in any mediation or settlement conference held in an effort to settle the Securities Class Action and/or any related derivative lawsuit.

8. If any of the Defendants enter into any settlement agreement or memorandum of understanding pertaining to settlement with a plaintiff in a related derivative lawsuit, Plaintiff may terminate the agreed stay upon 14-days' notice in writing to counsel for Defendants via email. In the event of a termination of the stay pursuant to this paragraph, the schedule set forth in paragraph 3 shall apply.

9. In the event that Defendants produce, either voluntarily or pursuant to an order of a

court of competent jurisdiction, any documents pursuant to any shareholder demand for an inspection of books and records on behalf of Frequency, then copies of such documents shall be provided to counsel for Plaintiff, subject to the execution by Plaintiff of a reasonable confidentiality agreement governing the use and disclosure of such materials.

10. Any production made pursuant to Paragraph 9 is permitted to be used in the Delaware Derivative Action, provided, however, that any amended complaint filed by Plaintiff (which amended complaint shall only be filed if the stay of the Delaware Derivative Action is lifted and if permitted by applicable rules and orders) arising out of, relating to, referencing, involving, or in connection with any document produced in a books and records demand shall be deemed to incorporate by reference the entirety of the books and records of which inspection is permitted.

11. This Stipulation shall have no effect upon, and shall not change, the applicable legal standards for pleading demand futility under Delaware law, including that any amended complaint shall be assessed with respect to the Board of Directors in place at the time that any such amended complaint is filed.

12. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein.  Defendants preserve all rights, objections, and defenses, and Plaintiff preserves all rights and claims.  Without prejudice to the enforcement of any other rights, claims or defenses, Defendants expressly reserve their right to seek dismissal of this action, or transfer to the United States District Court for the District of Massachusetts to coordinate with the Securities Class Action.  The Parties agree that should Plaintiff re-file this case in any other court, the period for which this case was stayed shall not count toward any applicable statute of limitations or repose and that Defendants will not argue in any manner that the claims asserted in any re-filed complaint are untimely by virtue of the passage of time that this case was stayed.

13. Notwithstanding the above, any of the Parties to this Stipulation may request that the

Court lift the voluntary stay upon good cause shown by giving the other Parties at least ten (10) business days' written notice that they believe such good cause exists and thereafter bringing the matter to the Court's attention and requesting that the voluntary stay be lifted.

14. The Parties expressly preserve, and do not waive, any and all claims, rights and defenses, and arguments in the Delaware Derivative Action, except as to the absences of a summons or of service.

Dated: September 23, 2022

| RIGRODSKY LAW, P.A. | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Gina M. Serra*<br>Seth Rigrodsky (No. 3147)<br>Gina M. Serra (No. 5387)<br>Herbert W. Mondros (No. 3308)<br>300 Delaware Avenue<br>Suite 210<br>Wilmington, DE 19801<br>(302) 295-5310<br>sdr@rl-legal.com<br>gms@rl-legal.com<br>hwm@rl-legal.com<br><br>*Counsel for Plaintiff Joshua Dewey,*<br>*Derivatively on Behalf of*<br>*Nominal Defendant*<br>*Frequency Therapeutics, Inc.* | */s/ Kevin M. McDonough*<br>Elena C. Norman (No. 4780)<br>Anne Shea Gaza (No. 4093)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>enorman@ycst.com<br>agaza@ycst.com<br><br>Of Counsel:<br><br>Jeff G. Hammel<br>Kevin M. McDonough<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>(212) 906-1200<br>(212) 751-4864<br>jeff.hammel@lw.com<br>kevin.mcdonough@lw.com<br><br>*Counsel for Defendants David Lucchino,*<br>*Tim Barberich, Cynthia L. Feldman,*<br>*Michael Huang, Robert S. Langer, Joel S.*<br>*Marcus, and Frequency Therapeutics, Inc.* |

SO ORDERED this ___ day of _____, 2022.

_____
JUDGE GREGORY B. WILLIAMS